No. 23783.

ROBERT S. BRADLEY *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(485 P.2d 875)

Decided June 14, 1971.

Richard J. Bernick, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Richard McManus, Assistant, James F. Pamp, Assistant, for defendant in error.

*En Banc.*

Opinion by Daniel J. Shannon, District Judge.*

On November 13, 1967, an information was filed charging the plaintiff in error Robert S. Bradley (hereinafter referred to as Bradley or the defendant), with robbery and conspiracy to commit robbery. A co-defendant was also charged in the same information. Bradley was arraigned on November 17, 1967 and entered pleas of not guilty to both counts of the information and the case was set for trial on January 18, 1968. Upon motion of the district attorney the case was continued and reset for trial three times. On February 14, 1968, the defendant appeared with his counsel before another trial judge and offered a plea of guilty to the charge of theft. The district attorney moved to dismiss the counts of robbery and conspiracy to commit robbery. The Court accepted the guilty plea and dismissed the other two counts. The defendant wrote a letter to the Court on or about March 5, 1968 requesting permission to withdraw his plea of guilty and to change it to not guilty. This motion, although specified in the designation of the record on error, does not appear in the record.

On March 20, 1968 the defendant appeared before the original trial court judge for a probation hearing, and

personally indicated he wished to change his plea on the grounds of confusion as to the charge and also mental exhaustion. The Court after some discussion with the defendant and his counsel, including a reading of portions of the February 14 session, indicated that the motion to change plea would not be granted. After a review of the probation report, the Court denied probation and sentenced the defendant to not less than five nor more than ten years in the state penitentiary.

On April 2, 1968 the defendant filed pro se a "Motion to Vacate the Sentence under Rule 35(b)." The Court denied the motion without an evidentiary hearing. The defendant seeks review here on the basis that the trial court erred in the handling of both the motions to change plea and also on the Rule 35(b) motion.

We find that the trial court did not err in either instance.

Rule 32(e) of the Colorado Rules of Criminal Procedure provides as follows:

"* * * A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended."

■ There is no argument presented as to the timeliness of the defendant's request to withdraw his plea. However, we stated in *Lucero v. People,* 164 Colo. 247, 434 P.2d 128:

"It is well established law in this jurisdiction that an application by a defendant in a criminal case to change a plea of 'not guilty' to 'guilty' or from 'guilty' to 'not guilty' is addressed to the sound discretion of the trial court, and that its ruling on such an application will not be reversed except where there is a clear abuse of discretion. *McIntosh v. City and County of Denver,* 144 Colo. 59, 355 P.2d 97; *Hawkins v. The People,* 131 Colo. 281, 281 P.2d 156; *Gearhart v. People,* 113 Colo. 9, 154 P.2d 47."

■ Our review of the hearings on February 14 and March 20 indicates no abuse of discretion by the trial

court in denying the motion to withdraw the plea of guilty by the defendant. *See also Gallegos v. People,* 166 Colo. 409, 444 P.2d 267.

The defendant also contends that he had really wanted to plead guilty to petty theft of $80. However, Bradley did on February 14, 1968 enter a plea to the charge of theft of over $100 when the district attorney agreed to dismiss the robbery or conspiracy to commit robbery charges. His attorney was present. The Court fully read the count of theft as contained in the information, the defendant was advised as to his right to counsel, assistance of counsel during the trial, trial by jury, and the right to call his own witnesses. The defendant was further informed of the possible sentence on a plea of guilty to the theft charge, and that if the Court accepted the plea the district attorney would dismiss the other counts. He was asked if the entire facts were explained to him. He replied in the affirmative and indicated that he had committed the crime. The Court asked if anyone had coerced, threatened or forced him to enter his plea. The defendant's answer was "No." After this thorough examination the Court accepted his plea of guilty.

On March 20, 1968, the district attorney stated in open court that his evidence indicated that the defendant Bradley and a co-defendant entered the store, that the defendant took some money and the co-defendant took some coats and suits, and that the defendant was later found with the stolen suits and coats. Bradley was later positively identified by the victim. The information clearly stated that the items involved were clothing and money with a value over $100.

■ Our review of the record sustains the evident conclusions reached by both the trial judges, namely, that the defendant understood the nature and the elements of the crime with which he was charged as well as the possible penalty when he entered the plea of guilty, and that the basic requirements as to whether the plea was voluntarily and intelligently made were met. *McCarthy v.*

150

*United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418; *Boykin v. State of Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763; *Parker v. North Carolina*, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785.

The second contention of the defendant is that the trial court erred in not granting relief on his Rule 35(b) motion or at least that the Court should have conducted a hearing thereon, and having failed to receive one, he should be entitled to one now. We do not agree. Rule 35(b) Colorado Rules of Criminal Procedure, at that time stated as follows:

"* * * *Unless the motion and the files and record of the case show to the satisfaction of the court that the prisoner is not entitled to relief,* the court shall cause notice thereof to be served on the prosecution attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. * * *" (Emphasis supplied.)

██ In his Rule 35(b) petition the defendant reiterated his contention that because of the continuances of the trial he was in a state of mental exhaustion and anxiety. These matters had previously been called to the Judge's attention in open court on March 20, 1968. There is nothing in the record or in the defendant's petition other than the mention of the three continuances that indicates coercion or mental incompetence at the time the defendant entered his plea to justify or require the Court to grant an evidentiary hearing thereon. *Smith v. People*, 162 Colo. 558, 428 P.2d 69.

In *Von Pickrell v. The People*, 163 Colo. 591, 431 P.2d 1003, this Court said:

"It is true that bare allegations of incompetence or coercion are not sufficient to entitle a defendant to an evidentiary hearing in a 35(b) hearing. * * *"

The bare assertions of mental exhaustion because of

three continuances resulting in less than a month's delay is not equivalent to mental incompetence.

After a review of the files and record of the case, we find that the Court under these circumstances was not required to conduct an evidentiary hearing.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE not participating.

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.