## No. 26099

## The People of the State of Colorado v. Sidney A. Riley
(529 P.2d 1312)

Decided January 6, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Daniel E. Muse, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Sidney A. Riley, with the advice of counsel and after consultation with his family, entered a plea of guilty to voluntary manslaughter. C.R.S. 1963, 40-2-5. Thereafter, before sentence was imposed, he sought to withdraw his guilty plea, contending that he was coerced into entering the plea and that he had a meritorious defense. The trial judge denied Riley's motion to withdraw his plea. Riley appealed. We affirm.

Riley was initially charged with murder. C.R.S. 1963, 40-2-3. He entered a plea of not guilty and went to trial. The first trial ended with a hung jury. Plea negotiations were entered into with the defendant's consent prior to the second trial. Just prior to the

date set for his second trial, an agreement was reached, and the district attorney filed an amended information which included a second count of voluntary manslaughter. A full providency hearing was held at which Riley plead guilty to voluntary manslaughter. At the probation hearing prior to the imposition of sentence, Riley sought to withdraw his plea of guilty.

## I.
## Coercion

■ Riley asserts that defense counsel, with the assistance of Riley's family, coerced him into agreeing to enter a plea of guilty to voluntary manslaughter. He admits that his defense counsel tried the case which ended with a hung jury and a vote of 11 to 1 for conviction of second-degree murder. He also acknowledges that he was advised by defense counsel that two new witnesses were located by the prosecution which, in the opinion of defense counsel, made a conviction of the crime of murder a virtual certainty. Accordingly, defense counsel recommended that the defendant accept the prosecution's offer to accept a plea of guilty to voluntary manslaughter. Before the agreement was finalized, the defendant consulted with his mother and his brother, and at the providence hearing, Riley advised the court that it was his own decision that a plea of guilty be entered to the crime of voluntary manslaughter.

■ Riley, however, contends that his defense counsel went beyond the limits of fair persuasion in his efforts to cause Riley to plead guilty to voluntary manslaughter. We think not. It was defense counsel's duty to inform his client with complete candor and to offer his best estimate of the probable outcome of the case. *ABA Standards Relating to The Defense Function* § 5.1. The record reflects that defense counsel did not go beyond the limits of fair persuasion, did not overstate the risks, or exercise undue influence on the defendant. *ABA Standards Relating to The Defense Function* § 5.1(b).

■ The facts in this case parallel in many respects those in *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), where a guilty plea was allowed to stand over the defendant's protestation of innocence and allegation of coercion. Here, the defendant knew the risks of trial, surveyed the evi-

dence, and made a free and voluntary choice. The providency hearing which the trial judge conducted was full and complete. The district attorney abided by his plea agreement, and the defendant did not show that he was in fact coerced into pleading guilty to voluntary manslaughter or that his plea was not his free and voluntary act. In short, the record does not establish that any manifest injustice occurred. Note, 40 N.Y.U. L. Rev. 759 (1965); *Dukes v. Warden of Connecticut State Prison*, 406 U.S. 250, 92 S.Ct. 1551, 32 L.Ed.2d 45 (1972); *ABA Standards Relating to Pleas of Guilty* §§ 1.4, 1.5, 1.6, 3.2.

## II.
### Change of Plea

■ The record does not show that the trial judge abused his discretion by denying Riley's motion to withdraw his plea. Riley contends that he has an absolute right to withdraw his guilty plea at any time before the court imposes sentence, which is not limited by the grounds which he asserts as a basis for withdrawing his plea. If we were to uphold Riley's contention, we would be forced to overrule sound case law. Our present procedure is sound. Crim. P. 32(e) provides:

"A motion to withdraw a plea of guilty . . . may be made only before sentence is imposed or imposition of sentence is suspended."

■ In *Lucero v. People*, 164 Colo. 247, 434 P.2d 128 (1967), we construed Crim. P. 32(e) and held that a defendant's motion to withdraw a plea of guilty continues to be addressed to the sound discretion of the trial judge and that the trial judge's decision will not be overturned in the absence of a clear abuse of discretion. *See Maes v. People*, 155 Colo. 570, 396 P.2d 457 (1964).

Accordingly, the judgment of the trial court is affirmed.

MR. JUSTICE GROVES does not participate.