**No. 26173**

**The People of the State of Colorado v.
Raul Stephen Martinez**

(533 P.2d 926)

Decided March 31, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE ERICKSON.

The issue before us is whether the trial court erred in not permitting the defendant, Raul Stephen Martinez, to withdraw his plea of guilty to possession of heroin, a narcotic drug. C.R.S. 1963, 48-5-2.[1] Resolution of the question lies within the sound discretion of the trial court, and since the trial court did not abuse its discretion, we affirm.

Martinez was originally charged in an information with possession of heroin for sale, in violation of C.R.S. 1963, 48-5-2.[2] He was admitted to bail, plead not guilty, and the case was set for trial. The defendant failed to appear at the time the trial was set. When he did appear, he was nearly an hour late and claimed that his

---

[1]Now section 12-22-302, C.R.S. 1973.
[2]Now section 12-22-302, C.R.S. 1973.

attorney told him to appear at a different time. The record reflected that defense counsel was not able to contact the defendant or consult with him and that the defendant failed to appear in compliance with his counsel's direction. The trial date was reset because of the defendant's failure to appear. The trial judge, thereafter, raised the defendant's bond to $5,000 to insure his presence at the time of trial and to make certain that he would be available for consultation with counsel. Martinez thereupon elected to take advantage of the plea negotiations which his counsel had conducted on his behalf with the district attorney and entered a plea of guilty to the lesser offense of possession of heroin. C.R.S. 1963, 48-5-2.[3] He now claims that he was coerced into pleading guilty by the trial court's order increasing bail.

## I.
### The Providency Hearing

▪ Prior to accepting the plea, the trial judge conducted a full and extended providency hearing which more than complied with Crim. P. 11 and met all constitutional requirements. The record reflects that the trial judge went farther than necessary to insure that Martinez was aware of the rights which he would waive by pleading guilty and of the possible results which might occur from the entry of a plea of guilty in this case. The trial judge also explained the nature of the charge, together with the elements of possession of a narcotic drug. He also verified that defense counsel had discussed the charge with the defendant and related to Martinez the possible consequences of the plea and that the court would not be bound by any agreement or recommendation reached by the lawyers in the case relating to the sentence which the court might impose. The trial judge's questions elicited answers which established that the plea was voluntary and that the defendant was guilty of possession of heroin. The record discloses that the trial judge explained that the defendant had a right to a jury trial and that the proposed guilty plea would constitute waiver of that constitutional right. Under the circumstances, the plea of guilty is not subject to attack. *North Carolina v. Alford,*

[3]Now section 12-22-302, C.R.S. 1973.

400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *People v. Riley,* 187 Colo. 262, 529 P.2d 1312 (1975); *People v. Hutton,* 183 Colo. 388, 517 P.2d 392 (1973); *People v. Lottie,* 183 Colo. 308, 516 P.2d 430 (1973); *People v. Alvarez,* 181 Colo. 213, 508 P.2d 1267 (1973); *People v. Gleason,* 180 Colo. 71, 502 P.2d 69 (1972); Crim. P. 11(b); sections 16-7-207(1), (2), C.R.S. 1973; *ABA Standards Relating to Pleas of Guilty* §§ 1.4-1.7.

## II.
### Withdrawal of the Guilty Plea

▮ Bail was continued pending completion of the pre-sentence report. When the probation report was completed, the defendant sought to withdraw his plea of guilty on the asserted ground that he was, in fact, innocent of the charge. The defense motion to withdraw the guilty plea was pursuant to Crim. P. 32(e) and was properly filed before the imposition of sentence. However, the motion is ''addressed to the sound discretion of the trial judge and . . . the trial judge's decision will not be overturned in the absence of a clear abuse of discretion.'' *People v. Riley, supra; Bradley v. People,* 175 Colo. 146, 485 P.2d 875 (1971); *Maes v. People,* 155 Colo. 570, 396 P.2d 457 (1964). No abuse of discretion occurred in the instant case. The record reflects that the defendant acknowledged his guilt to the court during a full providency hearing which complied with our Colorado law. A guilty plea should not be withdrawn at the instance of a defendant unless he carries his burden of demonstrating that a ''fair and just reason'' exists to justify withdrawal. *ABA Standards Relating to Pleas of Guilty* § 2.1(b).

▮ Since the decision of the trial judge is buttressed by a full and complete record which belies any claim of coercion and contradicts the defendant's basis for asserting that he should be permitted to withdraw his plea, the judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE HODGES, and MR. JUSTICE LEE concur.