The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Bill Robert LESH, Defendant-Appellant.

No. 85CA0008.

Colorado Court of Appeals, Div. III.

March 20, 1986.

Rehearing Denied April 10, 1986.

Certiorari Denied June 9, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric Perryman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Rachel A. Bellis, Deputy State Public Defender, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant Bill Robert Lesh appeals the judgment of conviction entered on a jury

verdict finding him guilty of driving after judgment prohibited, in violation of § 42–2–206, C.R.S. We reverse.

Defendant was first convicted of this offense in 1980. The supreme court reversed for failure of the trial court to give defendant's tendered instructions to the effect that knowledge of the order of revocation is an essential element of the offense. *People v. Lesh,* 668 P.2d 1362 (Colo.1983). On retrial in 1984, defendant was again found guilty by a jury.

Defendant's only contention for reversal of this conviction is that the trial court erred in instructing the jury, substantially in the language of § 42–2–201, C.R.S. (1984 Repl.Vol. 17), over defendant's objection, that:

> "It is the declared policy of the State to provide maximum safety for all persons who travel or otherwise use the public highways of this State; to deny the privilege of operating motor vehicles on such highways to persons who by their conduct and record have demonstrated their indifference to the safety and welfare of others and their disrespect for the laws of this State, the orders of its courts, and the statutorily required acts of its administrative agencies; and to discourage repetition of criminal acts by individuals against the peace and dignity of the State and its political subdivisions and to impose increased and added deprivation of the privilege to operate motor vehicles upon habitual offenders who have been convicted repeatedly of violations of the traffic laws."

Defendant asserts that "[t]he instruction raises abstract issues which are irrelevant to the charge of driving after judgment prohibited, refers to offenses other than the one charged, distorts the prosecution's burden of proof, invades the province of the jury, and deprived defendant of his right to a fair trial." The People admit that "it would have been better practice not to give the instruction," but claim the error was harmless. We agree with defendant.

The issues in this case revolved around whether defendant had notice that his license to drive had been revoked. The state's policy to protect the public and punish habitual offenders is wholly irrelevant to the evidence and issues. The instruction implied that to acquit would be contrary to public policy and amounted, in effect, to a directed verdict of guilty as charged. *See People v. Alexander,* 663 P.2d 1024 (Colo. 1983); *Luna v. People,* 170 Colo. 1, 461 P.2d 724 (1969); *Kolkman v. People,* 89 Colo. 8, 300 P. 575 (1931).

The judgment of conviction is reversed, and the cause is remanded for a new trial.

KELLY and METZGER, JJ., concur.