498 So.2d 1035 (1986)
Willie Daryl GOFF, Appellant,
v.
STATE of Florida, Appellee.
No. BL-80.
District Court of Appeal of Florida, First District.
December 16, 1986.
Michael Allen, Public Defender, Paula S. Saunders, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Gregory G. Costas, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Goff appeals from judgment and sentence for two counts of grand theft and one of burglary, specifically alleging that the trial court erred in denying a motion to withdraw his nolo contendere plea. We affirm.
In December 1985, Goff, his counsel, the state attorney and the trial judge signed a "plea, waiver and consent" form on which *1036 Goff withdrew his previous plea of not guilty to the aforementioned charges and entered a plea of nolo contendere. The plea was specifically conditioned, in pertinent part, on sentencing within the guidelines; no specific term was agreed on. Goff orally agreed at the plea entry hearing that a condition of his plea was "a guideline sentence"; again, no specific term was mentioned.
At the January 1986 sentencing hearing, the court received a guidelines scoresheet reflecting a point total of 74, which corresponded to a recommended sentence range of "2 1/2-3 1/2 years." Of the total score, 24 points were assigned for prior convictions (three felonies and three misdemeanors) and an additional 15 points for three prior "Category 5" (burglary) convictions. The hearing commenced with the following statement by defense counsel:
Mr. Goff advised me he would like to withdraw his plea... . In sitting down with Mr. Goff and trying to compute what the Guidelines sentence would be for him, we did not anticipate the prior record. I had no rap sheet to go by. We informally counted his points... which would have scored him any nonstate prison sanction... .
Goff added that "the reason I made the plea was when I talked to [defense counsel] the first time, I was under the impression that the day I came over in front of you, I would get probation that day and be out is the reason I, you know, copped the plea I did."
The trial court denied the motion to withdraw the plea on the basis that Goff knew or should have known of his own prior record at the time he entered the plea, despite the fact that the authorities had not yet discovered it. Goff was sentenced to three concurrent three-year terms of incarceration, a sentence within the recommended guidelines range.
The cases cited by appellant in favor of reversal fall into two categories. The first involves a factual situation wherein the trial judge, after accepting a plea, discovers an undisclosed record and refuses to impose the specific term of years agreed on. See Williams v. State, 448 So.2d 1236 (Fla. 1st DCA 1984); Ben v. State, 440 So.2d 501 (Fla. 2d DCA 1983); Coleman v. State, 433 So.2d 627 (Fla. 2d DCA 1983). In the second, the trial judge complies with the agreement, but the defendant was induced to enter the plea by some "mistake or misunderstanding." See Tobey v. State, 458 So.2d 90 (Fla. 2d DCA 1984); Ritchie v. State, 458 So.2d 877 (Fla. 2d DCA 1984).
In this case, appellant does not, and indeed could not, argue that the judge did not comply with the agreed-on sentence, that is, one "within the guidelines." There is no indication from the record before us that defendant was promised, or even could reasonably have believed, that he would receive probation. Indeed, he claims only to have thought that the recommended sentence was "any nonstate prison sanction," which can include incarceration. Goff does contend, however, that his plea was induced by a "mistake or misunderstanding," namely, the presentencing informal calculation that his point total would correspond to "any nonstate prison sanction."
Although "a court should be liberal in exercising its discretion to permit a defendant to withdraw his guilty plea where he demonstrates that the plea was based upon a failure of communication or a misunderstanding of facts which were material in his decision to enter the plea," Ritchie at 879 (emphasis supplied), we find that there was no such failure or misunderstanding herein. Goff sat down with his counsel, knowing of his prior record but not disclosing it, and together they calculated an admittedly informal point total. Any failure to communicate was Goff's, not his counsel's or the state's, and any misunderstanding of the facts was caused by Goff's silence and not by any official misrepresentations or miscalculations.
AFFIRMED.
SHIVERS and JOANOS, JJ., concur.