The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Gregory L. CHAVEZ, Defendant-Appellant.

No. 85SA230.

Supreme Court of Colorado, En Banc.

Dec. 22, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia Nimerichter, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Lopez, Chavez & Graham, P.C., David Graham, Adele Graham, Taos, N.M., for defendant-appellant.

QUINN, Chief Justice.

The defendant, Gregory L. Chavez, appeals from a judgment of conviction based on his guilty pleas to assault in the second degree and a crime of violence, and from a sentence of four years and one day to the department of corrections. He claims that his guilty pleas to assault in the second degree and a crime of violence were constitutionally infirm, that the information failed to properly allege a crime of violence and alternatively that the crime of violence statute expressly excludes the type of conduct involved in this case, that the district court abused its discretion in refusing to permit him to withdraw his guilty pleas, and that the mandatory sentencing requirement of the crime of violence statute violates equal protection of the laws.[1] Find-

---

**1.** Because the defendant has challenged the constitutionality of a statute, jurisdiction over this appeal properly lies in this court. §§ 13–4–102(1)(b) and 13–4–110, 6 C.R.S. (1973).

ing no merit in the defendant's claims, we affirm the judgment and sentence.

## I.

The defendant was initially charged in a two-count information alleging assault in the first degree, § 18–3–202(1)(a), 8B C.R.S. (1986), which is a class 3 felony carrying a presumptive sentence of four to eight years and a maximum aggravated sentence of sixteen years, § 18–1–105(1)(a)(I) and (9)(a)(I), 8B C.R.S. (1986), and the commission of a crime of violence, § 16–11–309(2)(a)(I), 8A C.R.S. (1986). The charges arose out of a stabbing which occurred on January 7, 1984, during a fight in a parking lot outside a bar in Denver, Colorado. During the fight the defendant stabbed the victim, Anthony Sudo, with a knife. The victim was hospitalized in intensive care for several days and underwent exploratory surgery and repair of a liver laceration as a result of the stab wound.

The defendant, who was represented by counsel at all times, entered a not guilty plea to the charges and the case was set for trial on September 4, 1984. On the scheduled trial date the defendant and the district attorney agreed to a plea bargain in which the defendant would enter a guilty plea to the reduced charge of assault in the second degree and the commission of a crime of violence. The information was accordingly amended to charge the defendant in count one with intentionally causing bodily injury to Anthony Sudo by means of a deadly weapon, a knife, and in count two with using a deadly weapon, a knife, during the commission of assault in the second degree. The crime of assault in the second degree is a class 4 felony which carries a presumptive sentence of two to four years and a maximum aggravated sentence of eight years. §§ 18–3–203, 18–1–105(1)(a)(I) and (9)(a)(I), 8B C.R.S. (1986).[2] By statute, a conviction of a crime of violence requires the court to sentence the defendant to a term of incarceration greater than the max-

imum presumptive sentence applicable to the substantive crime. § 16–11–309(1)(a), 8A C.R.S. (1986).

After the charges were amended in accordance with the plea bargain, the district court personally addressed the defendant and arraigned him on the amended charges. The court questioned the defendant about his mental condition and his understanding of the charges, explained to him his constitutional rights including his right to a trial by jury, and explained that by pleading guilty the defendant was waiving his constitutional rights and any defense to the charges and was subjecting himself to a mandatory sentence to the custody of the department of corrections for a four to eight year term. The defendant acknowledged that he understood the amended charges and his constitutional rights and expressly stated that he desired to plead guilty to those charges. Before the court accepted the defendant's guilty pleas, the prosecuting attorney summarized the factual basis for the pleas. The prosecuting attorney stated that as the victim and a companion were leaving a bar, several persons jumped the companion in a parking lot outside the bar. The victim attempted to pull one of the assailants off his companion, but was pushed away and stabbed by the defendant. Two off-duty police officers at the scene arrested the defendant with the knife in his possession. The district attorney also stated that the stab wound suffered by the victim was a serious bodily injury, since it resulted in a considerable loss of blood and required the victim to be hospitalized in intensive care for several days.

The defendant expressly acknowledged the factual basis for the guilty pleas. He further acknowledged that by pleading guilty he was admitting his guilt to the amended charges, that he was thereby abandoning his right to claim self-defense, and that he was subjecting himself to a

---

**2.** Both the original charge of assault in the first degree and the reduced charge of assault in the second degree provide for one year of parole in addition to the period of incarceration § 18–1–105(1)(a)(I), 8B C.R.S. (1986). The one-year parole period is not an issue in this case.

mandatory sentence. In accepting the defendant's guilty plea, the court stated:

> The Court would make the following findings for the record then, that the defendant understands each of the charges and the penalty ranges; that there have been no promises as to penalty. There has been, of course, a concession as to lesser counts here. There has been no undue influence or coercion. The plea is a voluntary one, intelligently given. The defendant understands his right to a trial by jury and is waiving it by entering a plea of guilty, and there is a factual basis for the plea, so the Court will accept the plea of guilty to Count 1 and to Count 2....

The defendant appeared in court for sentencing on October 23, 1984. Defense counsel, emphasizing that the defendant had no prior felony convictions, urged the court to impose a sentence to a community corrections program rather than to the department of corrections. In objecting to such sentence, the district attorney pointed out that section 16–11–309(1)(a), 8A C.R.S. (1986), required the court to sentence the defendant to the custody of the department of corrections for a term greater than the maximum presumptive sentence. The court followed the suggestion of defense counsel, sentenced the defendant to a community corrections program for a term of four years and one day, and referred the case to the community corrections board for placement of the defendant in an appropriate facility or program.[3]

Approximately two weeks after the sentencing hearing, the district attorney filed a motion for reconsideration of the sentence on the ground that the court was prohibited by statute from sentencing a person convicted of a crime of violence to a community corrections facility or program. The court held a hearing on the motion. The defendant, who was represented by a newly retained attorney, agreed that the sentence imposed by the court was illegal and requested the court's permission to withdraw the previously entered guilty pleas under Crim.P. 32(d). The court granted the district attorney's motion for reconsideration and denied the defendant's motion to withdraw, finding again that the defendant's pleas were knowingly and voluntarily made and that he was aware that a mandatory sentence of four to eight years could be imposed.[4] The court then resentenced the defendant to the custody of the department of corrections for a term of four years and one day. This appeal followed.

## II.

The defendant contends that his guilty pleas were constitutionally infirm because the elements of the offenses and the possible penalties were not adequately explained to him by the court. We find this claim devoid of merit.

■ Due process of law mandates that a guilty plea must be voluntarily and understandingly made before a valid judgment of conviction can be entered thereon. *E.g., Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Harshfield v. People,* 697 P.2d 391 (Colo.1985); *People v. Leonard,* 673 P.2d 37 (Colo.1983). Rule 11 of the Colorado Rules of Criminal Procedure serves to facilitate this constitutional re-

---

3. Section 17–27–104(3), 8A C.R.S. (1986) states, in pertinent part, as follows:

> The [community corrections board] has the authority to accept, reject, or reject after acceptance the placement of any offender in its community correction facility or the program pursuant to any contract or agreement with the department or a judicial district. If an offender is rejected by [the corrections board] after initial acceptance, the offender shall remain in the facility or program for a reasonable period of time pending receipt of appro-

priate orders from the judicial district or department for the transfer of such offender.

4. Both the defendant and his former attorney testified at the hearing that, prior to the entry of the guilty pleas, the attorney had informed the defendant that a sentence to a community corrections program was a possibility, as was a sentence to the department of corrections, and that the judge would make the final decision in the matter.

quirement by prohibiting a court from accepting a guilty plea without first determining: (1) that the defendant understands the nature of the charge and the elements of the offense to which he is pleading and the effect of his plea; (2) that the plea is voluntary and is not the result of undue influence or coercion on the part of anyone; (3) that the defendant understands his right to trial by jury and that he waives this right by pleading guilty; (4) that he understands the possible penalties that may be imposed; (5) that the defendant understands that the court will not be bound by any representations made to him concerning the penalties to be imposed, unless such representations are included in a formal plea agreement approved by the court and supported by the facts of the case; (6) that there is a factual basis for the plea, unless the defendant expressly waives the establishment of the factual basis for the particular charge to which the plea is made.

▆ The transcript of the providency hearing convincingly demonstrates that the court adhered to the requirements of Crim.P. 11 in accepting the defendant's guilty pleas and that those pleas were entered in accordance with due process of law. Insofar as the defendant's constitutional challenge is based on his asserted misunderstanding of the elements of the crimes to which he pled, the record shows that the court explained the elements of those offenses to the defendant, that the defendant acknowledged his understanding of the charges, that he further understood that he was waiving his right to assert the affirmative defense of self-defense by entering pleas of guilty, and that he was indeed admitting his guilt to both assault in

the second degree and a crime of violence. The record further shows that the court told the defendant that he was facing a mandatory sentence of four to eight years to the department of corrections. During the providency hearing the defendant expressly acknowledged his understanding of the penalty. We find nothing in the record before us to undermine the constitutional validity of the defendant's pleas.[5]

### III.

The defendant makes a twofold argument, claiming first that the information failed to properly allege a crime of violence, and next that, even if an offense was properly alleged, the crime of violence statute was improperly applied to him because the statute expressly excludes the type of conduct involved in this case. We again find the defendant's arguments devoid of merit.

▆ A charge is sufficient if it alleges sufficient facts to permit the accused to prepare an adequate defense and to assure that he cannot be prosecuted again for the same crime. *E.g. People v. Rubanowitz,* 688 P.2d 231, 238 (Colo.1984). Here, the second count of the information alleged the crime of violence in substantial conformity to section 16–11–309(2)(a)(I), 8A C.R.S. (1986), which states:

"Crime of violence" means a crime in which the defendant used, or possessed and threatened the use of, a deadly weapon during the commission or attempted commission of any crime committed against an elderly or handicapped person or a crime of murder, first or second degree assault, kidnapping, sexual assault, robbery, first degree arson,

---

5. The defendant also attacks his guilty pleas on the basis that he acted in self-defense in stabbing the victim and that there was consequently no basis to infer that he had the requisite culpability for the crime of assault in the second degree. The transcript of the providency hearing totally negates the defendant's claim. Not only did the defendant admit that he committed the crime charged, but he also expressly acknowledged that his plea of guilty would result in a waiver of any claim of self-defense. Another assertion of a similar character is that the

reduced charge of second degree assault was an illusory benefit because there was no proof that the victim sustained a "serious bodily injury" as required for that crime. The presentence report refutes the defendant's assertion. Moreover his plea of guilty to the lesser offense of assault in the second degree renders speculative in the extreme his claim that the "serious bodily injury" element for assault in the first degree could not have been proven beyond a reasonable doubt in the event the case proceeded to trial on that charge.

first or second degree burglary, escape, or criminal extortion, or during the immediate flight therefrom, or the defendant caused serious bodily injury or death to any person, other than himself or another participant, during the commission or attempted commission of any such felony or during the immediate flight therefrom.

The information, in pertinent part, alleged as follows:

[O]n the 7th day of January, 1984, at the City and County of Denver, State of Colorado, GREGORY L. CHAVEZ, during the commission of the crime of 2° Assault (Class 4 Felony) ... used ... a deadly weapon, namely, a knife, and further ..., GREGORY L. CHAVEZ during the commission of 2° Assault (Class 4 Felony) ... caused bodily injury, to a person other than himself or another participant, namely, ANTHONY SUDO.

Thus, all the essential elements of a crime of violence were specifically alleged in the charging document itself.

■■■ The defendant's alternative argument is that, even if the information properly alleged a crime of violence, the crime of violence statute expressly excludes the type of conduct involved in this case, because the victim of the assault was "another participant" in the assault and was thus expressly excluded from the statutory proscription. What the defendant overlooks is that a crime of violence may be committed in several ways including: (1) the use of a deadly weapon during the commission of

assault in the second degree as proscribed by section 18–3–203(1)(b), and (2) the causation of serious bodily injury to another, other than the defendant or another participant, during the commission or attempted commission of assault in the second degree or during the immediate flight therefrom. The crime of assault in the second degree, as charged in this case, requires an intent to cause bodily injury to another person and causing such injury to any person by means of a deadly weapon, a knife. § 18–3–203(1)(a), 8B C.R.S. (1986). The type of second degree assault to which the defendant pled did not require the infliction of "serious bodily injury" on the victim.[6] The defendant, therefore, was guilty of a crime of violence by virtue of his use of a deadly weapon during the commission of assault in the second degree regardless of the degree of bodily injury sustained by the victim. Furthermore, the term "participant" in the violent crime statute obviously refers to a person who culpably engages in the offensive conduct and not, as the defendant argues, to the victim of the criminal act.[7]

### IV.

The defendant also contends that the district court abused its discretion in denying his motion to withdraw his guilty pleas. Once again, we find no merit in his claim.

■ In *Maes v. People,* 155 Colo. 570, 574–75, 396 P.2d 457, 459 (1964), this court set forth the standards applicable to a motion to withdraw a guilty plea:

---

6. "Bodily injury" means physical pain, illness, or any impairment of physical or mental condition. § 18–1–901(3)(c), 8B C.R.S. (1986). "Serious bodily injury," in contrast, means bodily injury which involves a substantial risk of death, a substantial risk of serious permanent disfigurement, or a substantial risk of protracted loss or impairment of the function of any part or organ of the body. § 18–1–901(3)(p), 8B C.R.S. (1986).

7. The defendant also claims that the district court erred in refusing his request to amend the presentence report to reflect that the victim did not sustain serious bodily injury as a result of the knife wound. We fail to see the significance of this fact to the validity of the guilty pleas and

the sentence. The crime of assault in the second degree, as charged, required an intent to cause *bodily* injury to another person and causing such injury by means of a deadly weapon. § 18–3–203(1)(b), 8B C.R.S. (1986). In addition, the crime of violence to which the defendant pled guilty encompassed the act of using a deadly weapon during the commission of assault in the second degree. § 16–11–309(2)(a)(I) 8A C.R.S. (1986). Since "serious bodily injury" was not an essential element of the offenses to which the guilty pleas were entered, the issue of whether the victim's injuries satisfied the statutory definition of "serious bodily injury" was and is irrelevant to the validity of the guilty pleas and the sentence.

One accused of crime may not, as a matter of right, have his plea of guilty withdrawn or changed. An application for the withdrawal or change of such plea is addressed to the discretion of the trial court, and only when it is made to appear that that discretion has been abused will we act.

\*　　\*　　\*　　\*　　\*　　\*

To warrant the exercise of discretion favorable to a defendant concerning a change of plea, there must be some showing that justice will be subverted by a denial thereof, as where a defendant may have been surprised or influenced into a plea of guilty when he had a defense; where a plea of guilty was entered by mistake or under a misconception of the nature of the charge; where such plea was entered through fear, fraud, or official misrepresentation; or where it was made involuntarily for some reason.

Whether such showing was made is a matter for the trial court to decide. Its decision is normally binding on us when it appears that it has been made in the exercise of a judicial discretion. Our sole function then is to scrutinize the discretion exercised. We intervene only where we note an abuse of discretion. (Citations omitted).

As we previously observed, the defendant's pleas were entered in accordance with due process of law and Crim.P. 11. We find nothing in the record to support a conclusion that the trial court abused its discretion in denying the defendant's motion. *See, e.g., People v. Riley,* 187 Colo. 262, 529 P.2d 1312 (1975).

## V.

The defendant also argues that the mandatory sentencing requirement for a crime of violence is an unconstitutional violation of his right to equal protection of the laws because it serves to increase the penalty for assault in the second degree as defined in section 18–3–203(1)(b), 8B C.R.S. (1986), without adding any additional element not already included in the statutory definition of that offense. We reject his argument.

■ A similar equal protection challenge was rejected by this court in *People v. Haymaker,* 716 P.2d 110 (Colo.1986). In that case, the defendant was convicted of sexual assault in the first degree committed with a deadly weapon, § 18–3–402(3), 8B C.R.S. (1986), and a crime of violence involving the use or threatened use of a deadly weapon during the commission of sexual assault, § 16–11–309(2)(a)(I), 8A C.R.S. (1986). Because Haymaker was convicted of both first degree sexual assault committed with a deadly weapon and a crime of violence, the trial court imposed a sentence of fourteen years, which sentence was beyond the presumptive sentence of eight to twelve years for a class 2 felony. The defendant argued that his fourteen-year sentence violated equal protection of the laws because the use of a deadly weapon during a first degree sexual assault was also the basis for an aggravated sentence for committing a crime of violence involving the use of a deadly weapon during the commission of sexual assault. In rejecting the defendant's equal protection challenge, we stated:

> Under the sentencing scheme here, however, all defendants convicted of both first degree sexual assault as a class 2 felony and a crime of violence because they used a deadly weapon in committing the crime must be sentenced in the aggravated range. Thus, it cannot be said that the sentencing statutes permit different degrees of punishment for persons in the defendant's situation.

*Haymaker* at 115; *accord People v. Collins,* 730 P.2d 293 (Colo.1986); *People v. Vigil,* 718 P.2d 496 (Colo.1986); *People v. Sanders,* 717 P.2d 948 (Colo.1986); *People v. Powell,* 716 P.2d 1096 (Colo.1986). Since the defendant's equal protection argument here essentially mirrors the equal protection challenge unsuccessfully raised in *Haymaker,* we are satisfied that the reasoning

of *Haymaker* adequately disposes of the defendant's claim.

The judgment and sentence are affirmed.