The PEOPLE of the State of
Colorado, Petitioner,

v.

Thomas CHIPPEWA, Respondent.

No. 85SC296.

Supreme Court of Colorado,
En Banc.

Feb. 8, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Norman S. Early, Jr., Dist. Atty., Nathan B. Coats, Chief Appellate Deputy Dist. Atty., Denver, for petitioner.

David F. Vela, State Public Defender, Claire Levy, Jonathan S. Willett, Deputy State Public Defenders, Denver, for respondent.

LOHR, Justice.

We granted certiorari to review the decision of the Colorado Court of Appeals in *People v. Chippewa*, 713 P.2d 1311 (Colo. App.1985), which held that the district court erred in denying the defendant's motion to withdraw his plea of guilty to attempted first-degree murder. The court of appeals held that the plea had not been entered knowingly and voluntarily as required by due process of law because the district court had given the defendant erroneous information concerning the possible minimum sentence. The court had advised the defendant of the minimum sentence available for attempted first-degree murder in the absence of extraordinary aggravating circumstances rather than the higher minimum sentence applicable to the defendant, who was on parole when he committed the crime. We granted certiorari and now affirm the judgment of the court of appeals. We base our decision, however, on the conclusion that the trial court abused its discretion in refusing to permit withdrawal of the plea. We therefore find it unnecessary to reach the question of whether the defendant's plea was entered knowingly and voluntarily consistent with due process of law, and we express no opinion on that question.

I.

The defendant, Thomas Chippewa, was charged in Arapahoe County District Court with two counts of attempted first-degree murder, two counts of first-degree assault, one count each of first-degree burglary,

aggravated robbery, conspiracy, and commission of a violent crime, and two counts of habitual criminality.[1] In exchange for the defendant's guilty plea to a single charge of attempted first-degree murder, a class two felony, the People agreed to dismiss all other charges, and reserved the right to recommend a sentence of sixteen years imprisonment.

At the providency hearing on August 3, 1983, the district court questioned counsel for the defense and the prosecution to ascertain whether the defendant was subject to a mandatory aggravated sentence under section 18–1–105, 8B C.R.S. (1986). The attorneys agreed that the defendant was eligible for sentencing in the presumptive range.[2] The court then advised the defendant that the presumptive range of sentencing for the crime to which he was pleading guilty was eight to twelve years. The court also stated that if it found extraordinary mitigating circumstances, the sentence could be as low as four years, and if it found extraordinary aggravating circumstances, the sentence could be as high as twenty-four years. The district court found that the defendant understood the

penalty range, the elements of the offense and the rights he was waiving. The court accepted the guilty plea, ordered a presentence investigation, and set a date for a sentencing hearing.

The presentence report, dated October 18, 1983, showed that the defendant was on parole from a North Dakota sentence for manslaughter when he committed the felony to which he pled guilty. Because of the defendant's parole status, the district court was required to impose a sentence in the extraordinary aggravated range under the mandatory sentencing statute. § 18–1–105(9)(a)(II), 8B C.R.S. (1986).[3] Prior to sentencing, the defendant moved to withdraw his guilty plea, alleging that he would not have agreed to the plea bargain had he known of the statutory requirement for a mandatory sentence beyond the presumptive range. On November 4, 1983, the court denied the defendant's motion[4] and sentenced him to eighteen years imprisonment.

The defendant appealed the district court's refusal to allow him to withdraw his plea. The court of appeals reversed the

---

1. The charges arose from the burglary of the residence of Anita Halling on August 22, 1982, during which Halling and Jake Jaramillo were seriously injured. The factual basis offered at the providency hearing indicated that the defendant, together with two female companions, broke into Halling's residence; bludgeoned both Jaramillo and Halling; cut the necks of both victims; and took a number of Halling's possessions.

2. Under § 18–1–105(1)(a)(I), 8B C.R.S. (1986), for any person sentenced for a felony committed after July 1, 1979, and before July 1, 1984, the presumptive range for a class two felony was eight to twelve years plus one year of parole. § 18–1–105(6), 8B C.R.S. (1986), requires that the court impose a definite sentence to incarceration within the applicable presumptive range set forth in subsection (1),

unless it concludes that extraordinary mitigating or aggravating circumstances are present, are based on evidence in the record of the sentencing hearing and the presentence report, and support a different sentence which better serves the purposes of this code with respect to sentencing, as set forth in section 18–1–102.5. If the court finds such extraordinary mitigating or aggravating circumstances, it may impose a sentence which is lesser or greater than the presumptive range; except that in no case shall the term of sentence be

greater than twice the maximum nor less than one-half the minimum term authorized in the presumptive range for the punishment of the offense.

3. § 18–1–105(9)(a), 8B C.R.S. (1986), provides in pertinent part:

The presence of any one or more of the following extraordinary aggravating circumstances shall require the court, if it sentences the defendant to incarceration, to sentence the defendant to a term greater than the maximum in the presumptive range, but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony:

....

(II) The defendant was on parole for another felony at the time of commission of the felony....

4. The district court ruled that the advisement of the possible penalty was adequate under Crim.P. 11 because the court told the defendant that he could receive a sentence of up to twenty-four years. The court also explained that it had no information about the defendant's parole status at the providency hearing because it consciously insulates itself from knowledge about a defendant's prior record until a defendant's trial has been completed.

defendant's conviction on the basis that the district court's failure to inform him of the effect of his parole status on the applicable minimum sentence meant that the defendant did not have the requisite knowledge of the consequences of his plea. The court of appeals concluded therefore that the plea was not entered knowingly and voluntarily as required by due process of law. The court remanded the case to the district court with directions to vacate the guilty plea, reinstate the original charges, and allow the defendant to enter his plea to those charges. The People sought certiorari review of the court of appeals' decision.

We granted certiorari and issued an opinion on June 8, 1987, affirming the judgment of the court of appeals. We concluded that the court of appeals was correct in holding that the defendant's plea was not made knowingly and voluntarily, and we held as well that the trial court abused its discretion in denying the defendant's motion to withdraw the plea. The People petitioned for rehearing, and we granted that petition. We now conclude that the trial court abused its discretion in refusing to permit the defendant to withdraw his plea and that it is unnecessary to reach the constitutional question of whether the defendant's plea was knowingly and voluntarily entered as required by due process of law. We therefore withdraw our original opinion and issue this one in its stead.

## II.

■ Crim.P. 32(d) provides for a motion to withdraw a plea of guilty before sentence is imposed. To warrant the withdrawal of a guilty plea before the imposition of sentence, a defendant has the burden of establishing a "fair and just reason" for the withdrawal. *People v. Gutierrez*, 622 P.2d 547, 559 (Colo.1981); *People v. Martinez*, 188 Colo. 169, 172, 533 P.2d 926, 928 (1975). *See* III ABA *Standards for Criminal Justice* § 14–2.1(a) (2d ed. 1980)

("before sentence, the court should allow the defendant to withdraw the plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea"). A motion to withdraw a plea of guilty is addressed to the sound discretion of the court. *People v. Gutierrez*, 622 P.2d at 559; *People v. Martinez*, 188 Colo. at 172, 533 P.2d at 928; *People v. Riley*, 187 Colo. 262, 265, 529 P.2d 1312, 1313 (1975); *Maes v. People*, 155 Colo. 570, 574, 396 P.2d 457, 459 (1964). We will not overturn the denial of a motion to withdraw a guilty plea unless the trial court abused that discretion. *People v. Gutierrez*, 622 P.2d at 559; *People v. Martinez*, 188 Colo. at 172, 533 P.2d at 928; *People v. Riley*, 187 Colo. at 265, 529 P.2d at 1313; *Maes v. People*, 155 Colo. at 574, 396 P.2d at 459.

Prior to accepting the defendant's plea of guilty to attempted first-degree murder, the trial court conducted an extensive providency hearing. At that hearing the court explained the possible sentences in detail, as well summarized by the court of appeals:

> Addressing the penalties and consequences of defendant's plea, the trial court advised him that: (1) he could presume that the sentence would be within the range of eight to twelve years; (2) if the trial court found mitigation, the sentence could be as low as four years; (3) if the trial court found extraordinary aggravating circumstances, the sentence could be as high as twenty-four years; and (4) despite the People's intent to seek an aggravated sentence of up to sixteen years and defense counsel's attempt to persuade the court to impose a sentence within the presumptive range, the sentence to be imposed was within the court's sole discretion.

*People v. Chippewa*, 713 P.2d at 1313.[5]

The trial judge was unaware at the time of entry of the plea that the defendant had

---

5. The court explained the possible penalties as follows:

THE COURT: Mr. Chippewa, when you plead guilty to this charge the Court could impose a sentence of from 8 to 12 years. In Colorado

that is called a presumptive range. That means that you can presume that if a sentence was imposed it would be within that bracket—8 to 12 years. The law also provides that the minimum sentence need not be 8 years. If the Court

been on parole when the offense was committed and that, therefore, a sentence in the aggravated range was mandated by statute. *See* § 18–1–105(9)(a)(II), 8B C.R.S. (1986). The responses of the prosecution and defense counsel to questions by the judge indicate that they as well were unaware of the defendant's parole status. The defendant was therefore specifically advised by the court that it could impose a sentence within the eight to twelve years presumptive range and if the court found mitigating circumstances, the sentence could be as low as four years imprisonment. There is nothing in the record to suggest that the defendant, at the time he entered his plea, had been advised or was aware that a sentence in the aggravated range was mandated because of his parole status. Indeed, all indications in the record are to the contrary. *Cf. People v. Alexander*, 724 P.2d 1304, 1308–09 (Colo.1986) (defendant who is subject to sentence in aggravated range because he was on parole at time of commission of felony is entitled to reasonable notice and to require the prosecution to prove his parole status); *People v. Lacey*, 723 P.2d 111, 113 (Colo. 1986) (same, when extraordinary aggravating circumstance is status as a probationer at time of commission of felony).

The district court's advisement that the sentence could be as little as four years and that the defendant could presume that his sentence would be in the eight to twelve year range gave the defendant every reason to believe that he could receive a sentence that he was ineligible to receive. The People argue, however, that this misinformation did not prejudice the defendant because the court in fact imposed a sentence of eighteen years. The People assert that a court should allow withdrawal of a plea before sentencing only if the trial court would be precluded by a higher mandatory minimum sentence requirement from imposing a sentence that it otherwise would consider appropriate. By imposing a sentence six years greater than that required by the statute, the court here, according to the People, demonstrated that its exercise of discretion at the lower end of the sentencing range had not been constrained by the mandatory minimum.

■ The People's argument is not persuasive. The defendant sought withdrawal of his guilty plea before he was sentenced, and the district court should not have considered the sentence it intended to impose as a reason for denying the defendant's motion to withdraw his plea. The issue at the time the court considered the motion was whether the defendant had established

found mitigation in the case or matters that were in your favor, if the Court found mitigation, then a minimum sentence could be 4 years. The law also provides that if the Court were to find that this case was aggravated in its nature, then a maximum sentence would not be limited to 8 years—or, pardon me—but a maximum sentence could go as high as 24 years. Unless the Court found either mitigation or aggravation, a sentence would be within the range of 8 to 12 years. Do you understand what I'm talking about?

THE DEFENDANT: Yes.

THE COURT: Now, you listened to the District Attorneys and they have indicated that at a sentencing hearing they are going to ask the Court to find that this case is aggravated, and ask the Court not to sentence within the presumptive range for a maximum of 12 years, but rather to exceed it and impose a sentence of 16 years. Do you understand what they are saying?

THE DEFENDANT: Yes.

THE COURT: Your attorney has pointed out— and I think you will learn—in a sentencing hearing many endeavor to persuade the Court

that a sentence should not exceed the presumptive range. But what you need to understand is this: sentencing is the Court's function. The District Attorney's Office can argue whatever they want to, but they don't call the shot. They might like to, but the law doesn't give them the power to do it, nor does your attorney. They offer viewpoints addressed to the Court, and that's what the Court does then, weighs it all and then calls it. Do you understand?

THE DEFENDANT: Yes.

THE COURT: Do you have any confusion about that?

THE DEFENDANT: No.

THE COURT: Though the People will attempt to exceed the presumptive range and ask the Court to impose a sentence of 16 years, whether the Court does that or not, you will know at the same moment they know. By the same token, just because the People ask for maximum sentence of 16 years doesn't mean the sentence will be a maximum of 16 years. The Court could still go up to 24 years or anything in between— or anything in between 12 and 24. Do you fully understand that, Mr. Chippewa?

THE DEFENDANT: Yes.

a fair and just reason for withdrawal of his guilty plea. Moreover, the People provide no authority for their suggestion that the standard for withdrawal of a plea before sentencing should be whether the mandated minimum sentence, of which the defendant was not advised, would preclude the trial court from imposing a sentence that it otherwise would consider appropriate.

■ When the probation report was issued, the defendant's parole status became known to counsel and the court. The defendant then promptly moved to withdraw his plea of guilty on the basis that the possibility of a sentence of less than twelve years was completely foreclosed, contrary to the advisement that he had been given by the court. The record does not reflect that the prosecution would have been prejudiced in any way by withdrawal of the guilty plea. Under these circumstances, we conclude that the defendant established a fair and just reason for withdrawal of his guilty plea and that the trial court abused its admittedly broad discretion in denying his motion to withdraw the plea.[6]

We affirm the judgment of the court of appeals.

VOLLACK, J., dissents.

ERICKSON and ROVIRA, JJ., join in the dissent.

VOLLACK, Justice, dissenting:

The majority holds that it was an abuse of discretion for the trial court to refuse to permit the defendant to withdraw his guilty plea, and affirms the court of appeals on that basis. Because I do not believe that the trial court abused its discretion, and further believe that the defendant's plea was voluntarily and knowingly entered, I respectfully dissent.

I.

At the providency hearing, the district court advised Chippewa that the minimum sentence he could receive was four years, if mitigating circumstances were found. The defendant was also advised that the maximum possible sentence was twenty-four years, if aggravating circumstances were found. Thus, when the defendant entered his guilty plea, he was aware that he could be sentenced up to twenty-four years imprisonment. After the providency hearing, the district court discovered in a presentence report that the defendant was on parole for another felony at the time of this offense, and was subject to sentencing in the aggravated range pursuant to section 18–1–105(9)(a)(II), 8B C.R.S. (1986). Because of the defendant's parole status, the district court was required to impose a sentence in the range of twelve to twenty-four years. The defendant actually received a sentence of eighteen years' imprisonment.

The effect of the majority's holding is to mandate a technical advisement under Crim.P. 11, requiring the trial court to specifically advise the defendant that if he were on parole, on probation, on bond, under confinement, or an escapee at the time he committed an offense, his sentence would mandatorily be greater than the presumptive range under section 18–1–105(9)(a)(II), 8B C.R.S. (1986). I dissent because I believe the advisement given in this case adequately informed the defendant of the consequences of his plea.

A.

A defendant's ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court. A plea of guilty should not be set aside if "the defendant understood the nature and the ele-

6. We base our decision today on abuse of discretion principles. Therefore, we need not reach the constitutional question of whether the defendant's plea was entered knowingly and voluntarily. *See, e.g., People v. Bossert*, 722 P.2d 998, 1004 (Colo.1986) (court will not address constitutional question unless it is essential to resolution of case). The court of appeals addressed the constitutional question unnecessar-

ily, and we express no opinion on the correctness of its conclusion that the defendant's plea was constitutionally invalid because it was not entered knowingly and voluntarily. Even though we accepted certiorari to consider the constitutional issue, we do not believe it appropriate to address that issue because the court of appeals judgment can be sustained on a nonconstitutional ground.

ments of the crime with which he was charged as well as the possible penalty when he entered the plea of guilty, and that the basic requirements as to whether the plea was voluntarily and intelligently made were met." *Bradley v. People,* 175 Colo. 146, 149, 485 P.2d 875, 876–77 (1971). If these requirements are met and a factual basis exists for the plea, the plea should not be set aside. *People v. Hutton,* 183 Colo. 388, 391, 517 P.2d 392, 393 (1973). Although a defendant does not have an absolute right to withdraw a guilty plea, a plea can be withdrawn if the defendant makes a showing that denial of the request will subvert justice. *People v. Gutierrez,* 622 P.2d 547, 559 (Colo.1981). For example, a motion to withdraw a plea is appropriately granted when the defendant was surprised or influenced into entering a guilty plea, or where his plea "was entered by mistake or under a misconception of the nature of the charge" or through "fear, fraud, or official misrepresentation." *People v. Chavez,* 730 P.2d 321, 327 (Colo. 1986). *See, e.g., Goff v. State,* 498 So.2d 1035 (Fla.App.1986) (When defendant received a jail sentence rather than probation, due to his prior criminal record, the court held that the defendant "knew or should have known of his own prior record at the time he entered the plea.... Any failure to communicate was [the defendant's], not his counsel's or the state's, and any misunderstanding of the facts was caused by Goff's silence and not by any official misrepresentations or miscalculations." *Id.* at 1036); *State ex rel. Reece v. Campbell,* 551 S.W.2d 292 (Mo.App.1977) (A defendant is appropriately permitted to withdraw a guilty plea if he has reasonably relied on the sentencing judge's statement: " 'if I do not give you probation, I *would probably* sentence you to five years in the penitentiary,' " and was actually sentenced to twenty-five years. *Id.* at 299 (emphasis in original)).

The particular facts presented here do not render the trial court's ruling an abuse of discretion. Chippewa's plea was not induced by a "false promise of minimum punishment," rendering the plea involuntary. *Id.* (quoting *State v. Stephens,* 71 Mo. 535 (1880)). In fact, the defendant was repeatedly advised by the trial court that the prosecution had requested imposition of a sentence in the aggravated range, and that even if the prosecution requested a sixteen-year sentence, the trial court could still give a sentence of twelve to twenty-four years. "Post-plea apprehension regarding the anticipated sentence, even if it occurs well before sentencing, is not sufficient to compel the exercise of judicial discretion to permit withdrawal of the plea of guilty." *People v. Hunt,* 174 Cal.App.3d 95, 104, 219 Cal.Rptr. 731, 736 (1985).

The result would be different if a defendant is misinformed as to the possible maximum sentence. If a defendant were subject to a longer maximum sentence than the term stated at his advisement, his plea would not be knowingly entered. No such problem is presented where, as here, the advisement states the correct maximum sentence and the defendant is sentenced within that range.

There was no mistake or misapprehension as to the nature of the charge in this case; there was no fear, fraud, or misrepresentation causing the trial court's ruling to be an abuse of discretion. Having concluded that the facts underlying this motion to withdraw do not present an abuse of discretion by the trial court, I would address the question of whether the guilty plea was knowing and voluntary.

### B.

To meet due process requirements, entry of a guilty plea must be knowing and voluntary. *People v. Leonard,* 673 P.2d 37, 39 (Colo.1983). At a providency hearing, the defendant must understand the critical elements of the crime and the consequences of a guilty plea. *People v. Wade,* 708 P.2d 1366, 1368 (Colo.1985). Crim.P. 11 requires that the defendant "understand the *possible penalty or penalties.*" Crim. P. 11(b)(4), 7B C.R.S. (1984) (emphasis added). A "formalistic recitation by the trial judge at a providency hearing is not a constitutional requisite." *People v. Canino,* 181 Colo. 207, 211, 508 P.2d 1273, 1275 (1973). A guilty plea must meet constitu-

tional muster, and a reviewing court looks to the record as a whole to determine whether a defendant's guilty plea is knowing and voluntary. "[T]he entire record, including the portion relating to the Crim. P. 35(b) hearing [motion to vacate plea-bargained guilty pleas], must be examined." *People v. Moore*, 636 P.2d 1290, 1292 (Colo. App.1981). One of the factors appropriate for consideration is a defendant's criminal history. *Id.* at 1293.[1]

In *People v. Lacey*, 723 P.2d 111 (Colo. 1986), we ruled that a sentence was not illegal when the trial court had incorrectly advised the defendant as to the possible minimum sentence.[2] The defendant in *Lacey* was correctly informed of the possible maximum aggravated sentence of eight years, but the court misstated the possible minimum sentence. The court advised the defendant that he could receive a two-year sentence when the minimum sentence was actually four years, due to his parolee status. We affirmed the sentence imposed by the trial court, finding that the defendant had received adequate notice of possible enhanced sentencing. *Id.* at 112. I would apply the same reasoning to the facts here: Chippewa was correctly advised as to the maximum possible sentence of twenty-four years, even though the minimum as stated by the judge later proved incorrect. The fact that his status as a parolee altered the minimum possible sentence does not render his plea involuntary.

Based on the transcript of the providency hearing, I believe the defendant had sufficient knowledge of the possible penalties to which he was subject. "[A] record of a providency hearing demonstrating compliance with Crim.P. 11 should be deemed supportive of the conclusion that the defendant did enter his or her guilty plea voluntarily and understandingly." *Wade*, 708 P.2d at 1370.

The record also demonstrates that defense counsel discussed with his client the possibility of mandatory sentencing, although it is not clear from the record whether defense counsel knew of Chippewa's status as a parolee.[3] *See People v. Cabral*, 698 P.2d 234, 237 (Colo.1985) (two factors in deciding validity of a guilty plea are that defendant had competent counsel, and that counsel had discussed the charges and effect of the guilty plea with the defendant). The defendant's extensive criminal record and his discussions with his attorney about mandatory sentencing should be viewed in the context of the judge's advisement on the record. I believe that these factors lead to the conclusion that the defendant's plea was knowingly and intelligently made.

## II.

The district court did not have the presentence report at the time of the providency hearing. Without being advised by defense counsel or the prosecution, the trial court could not have known of the defendant's parolee status. The trial court did not know of the presence of *specific* aggravating circumstances at the time of the providency hearing. The standard procedure in criminal proceedings is to first hold a providency hearing, at which the defendant's guilty plea is accepted and he is advised of the penalty range. The next stage is the court's receipt of a presentence report which provides the court with informa-

---

1. *See Brown v. State*, 250 A.2d 503 (Del.1969) (Where defendant sought to withdraw his guilty plea as involuntary, the Delaware Supreme Court noted, along with other considerations: "It is quite apparent that he knew what he was doing. Furthermore, his long criminal record, which includes charges of murder and manslaughter, supports this conclusion." *Id.* at 504.)

2. At arraignment and at sentencing, defense counsel advised the trial court that the defendant had been on probation at the time of the commission of the offense. Defense counsel also told the court that he had advised the defendant that "'since he was on probation at the time of the commission of the offense, in all likelihood, if the court were to impose a sentence, it would have to be in the aggravated range.'" *Id.* at 112.

3. Defense counsel told the trial judge: "We had one other disposition in this case that included mandatory sentencing where I explained to Mr. Chippewa had the Court been facing mandatory sentencing he would have had to give more than the top end of the sentence. That is not true in this case."

tion regarding the particular defendant's criminal history, his marital, psychological, medical, and family history, and other pertinent information. The third and final stage is a hearing at which the defendant is actually sentenced. It is not until this stage of the proceedings that the court has access to specific information which determines the existence or absence of aggravating or mitigating factors.

"The court must be concerned with reality and not ritual." *People v. Lesh*, 668 P.2d 1362, 1366 (Colo.1983), *on appeal after remand*, 720 P.2d 999 (Colo.App.1986) (citing *People v. Canino*, 181 Colo. 207, 211, 508 P.2d 1273, 1275 (1973)). While it may be the better practice to advise the defendant in a general manner of the aggravating factors of section 18–1–105, I do not believe that the trial court's failure to do so in this case renders the defendant's guilty plea involuntary or uninformed. "[F]orm should not prevail over substance." *People v. Cushon*, 650 P.2d 527, 528 (Colo.1982). *See Wilson v. People*, 708 P.2d 792 (Colo.1985) (guilty plea held valid where defendant was sentenced to penal institution, rather than being placed in the state hospital, even though trial court did not expressly advise him at providency hearing that he could be incarcerated). By its language, Crim.P. 11 does not require the specific advisement which the majority has, in effect, required here. *See People v. Adrian*, 701 P.2d 45 (Colo.1985) (Guilty plea held valid, even though advisement was "not as specific as it should have been" because it did not advise the defendant that he could be confined to a state prison; defendant "was advised in substance, although not in form." *Id.* at 48); *see also People v. Cushon*, 650 P.2d 527 (Colo.1982) (Trial court's acceptance of a guilty plea upheld because the record revealed "a substantial adherence to the requirements of Crim.P. 11," and to hold otherwise would be "an unduly strict interpretation" of the rule, unwarranted by the record. *Id.* at 529).

Accordingly, I respectfully dissent.

I am authorized to say that Justice ERICKSON and Justice ROVIRA join in this dissent.