No. 20567.

DONALD GLASER *v.* THE PEOPLE OF THE STATE OF COLORADO.
(395 P.2d 461)

Decided September 28, 1964.

Messrs. SALAZAR & DELANEY, Mr. DONALD C. DIETE-MANN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mrs. AUREL M. KELLY, Special Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to plaintiff in error as defendant or by name. July 10, 1962, a two-count information was filed in the trial court in which defendant was accused of the crimes commonly described as statutory rape and indecent liberties with the person of a child. July 23, 1962, an attorney entered a general appearance for defendant and at that time a plea of not guilty was entered as to each count of the information; thereupon the case was set for trial September 25, 1962. September 19, 1962, the attorney for defendant filed a motion for a continuance of the trial and another "Motion for the Return of Seized Property and the Suppression of Evidence." On September 24 the trial court denied said motions.

September 25, during the voir dire examination of prospective jurors, defendant requested a short recess; thereupon defendant, his attorney, and the district attorney retired to the judge's chambers. Defendant requested leave of court to withdraw his plea of not guilty to both counts and to enter a plea of guilty to the second count of the information (indecent liberties). The court informed him of his rights and explained the penalty which might be imposed upon acceptance of such plea of guilty. Defendant entered the guilty plea and the first count of the information was dismissed. An application for probation was filed and a hearing thereon was held October 22, 1962, at which time the trial court heard the evidence offered, denied the application for probation, and sentenced defendant to serve a term of not less than three nor more than five years in the state penitentiary.

On October 25, 1962, the attorneys representing defendant on this writ of error, appearing for the first time in the trial court on behalf of defendant, filed a "Motion to Vacate Plea of Guilty." The basis for this motion was that a combination of factors existing at the time of the plea of guilty had coerced defendant into entering the guilty plea. At the hearing held on said motion it was denied and defendant is here on writ of error directed to the judgment.

The brief of counsel for defendant states his position, inter alia, as follows:

"It is the contention of the Defendant that the action of the trial court forcing him to trial represented by an attorney who was unprepared to try the case, was, in itself, sufficient grounds to require the trial court to grant the Motion to Vacate the Plea of Guilty. The additional effect that may have been created upon the mind of the Defendant by statements made relating to the possibilities of certainties of a lesser sentence or probation, while in themselves factors to consider in the determination of such motion, are deemed to be cumulative in nature, compounding the gravity of the situation and creating an atmosphere in which it was manifest injustice to deny the Motion to Vacate the Plea of Guilty."

The attorney general argues:

"I. This writ of error does not lie under Rules 32 (e) and 37 (d) of the Colorado Rules of Criminal Procedure and it should be dismissed.

"II. The trial court did not abuse its discretion by its denial of defendant's Motion to Vacate Plea."

█ We consider the question as to whether the Motion to Vacate the Plea of Guilty was filed in apt time under Rule 32 (e) of the Colorado Rules of Criminal Procedure. This rule reads as follows:

"A motion to withdraw a plea of guilty or of nolo contendere may be made *only* before sentence is imposed or imposition of sentence is suspended." (Emphasis supplied.) It is the counterpart of Rule 32 (d) of the Federal Rules of Criminal Procedure, except that the latter contains the following additional clause:

"* * * but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the Defendant to withdraw his plea."

Omission of the last quoted clause from Rule 32 (e) of the Colorado Rules of Criminal Procedure was not an oversight on the part of this court. The committee of lawyers who served in the preparation of the original

draft of proposed Rules of Criminal Procedure included the language above quoted from Federal Rule 32 (d). This court purposely deleted it from the rule to be followed in this jurisdiction.

There is no ambiguity in the rule as adopted by this court. In plain language it says that a motion to withdraw a plea of guilty may be made *only* before sentence is imposed. Trial courts accept pleas of guilty to crimes only after assurance that the defendant understands the consequences of that plea. The rule contended for by counsel for defendant would require that defendant also be satisfied with, and approve of, the consequences actually imposed by the court. The motion to withdraw the guilty plea was properly denied.

The judgment is affirmed.

Mr. Justice Sutton and Mr. Justice Frantz concur.