MR. JUSTICE LEE
delivered the opinion of the Court.
Appellant Charlesetta Banks seeks review of the trial court’s denial of her motion to withdraw her plea of guilty to possession of a narcotic drug for sale, in violation of C.R.S. 1963, 48-5-20. We affirm.
Appellant was charged in a six-count information with violation of various provisions of the drug code, C.R.S. 1963, 48-5-1 et seq.[1] Upon advice of counsel, she pleaded guilty on October 17, 1972, to count one, at which time the remaining counts were dismissed. There is no allegation that the trial judge failed to comply with the requirements of Crim P. 11(b) before accepting the plea. Appellant applied for. probation, but this was denied, and on November 27, 1972, she was sentenced to a ten to fifteen-year term in the Colorado Women’s Correctional Institute. A motion for reconsideration of the sentence was denied on January 19, 1973.
On April 4, 1973, the motion to withdraw the guily plea was filed. The basis of this motion was that appellant had relied to her detriment on her attorney’s assurance that if she agreed to plead guilty she would be granted probation. At the hearing on the motion, appellant testified that but for these assurances she would not have entered the plea.
As revealed by affidavits supporting the motion, appellant’s attorney had briefly discussed the appropriate disposition of the case with the trial judge and had the impression, which he later conveyed to his client, that the judge was inclined to grant probation if appellant, who was on drugs, would agree to enroll in a supervised methadone program. Counsel’s im *297 pression, however, was erroneous, as found at the hearing on the motion.
The judge who passed sentence did not preside at the hearing on this motion. He was, however, called as a witness at the hearing.
The record shows that appellant was specifically advised by the judge that any promises made to her by her attorney as to the sentence to be imposed were not binding on the court. At the conclusion of the hearing, the court found that the sentencing judge made no promises or commitments to appellant’s counsel that she would be granted probation, and, accordingly, denied the motion to withdraw the guilty plea. The findings of the court are amply supported by the evidence.
Moreover, Crim. P. 32(e) provides that
“* * * [a] motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended.”
In Galser v. People, 155 Colo. 504, 395 P.2d 461, it was emphatically noted that
“[tjhere is not ambiguity in [Crim. P. 32(e)] as adopted by this court. In plain language it says that a motion to withdraw a plea of guilty may be made only before sentence is imposed. Trial courts accept pleas of guilty to crimes only after assurance that the defendant understands the consequences of that plea. The rule contended for by counsel for defendant would require that defendant also be satisfied with, and approve of, the consequences actually imposed by the court. * * *”
See also McConnell v. People, 157 Colo. 235, 402 P.2d 75.
Appellant argues that this case is controlled by Maes v. People, 155 Colo. 570, 396 P.2d 457, wherein it was held that a motion to withdraw a plea of guilty is addressed to the sound discretion of the court. That principle is applicable where the motion to withdraw is filed before sentencing. See also People v. Riley, 187 Colo. 262, 529 P.2d 1312; Bradley v. People, 175 Colo. 146, 485 P.2d 875; People v. Lucero, 164 Colo. 247, 434 P.2d 128.
In the present case, appellant was fully advised by the sentencing judge of her rights, as required by Crim. P. 11(b), before she entered the plea. Over a month later, her application for probation was denied and she was sentenced. During (he intervening period, she failed to move to set aside the plea. Her motion to withdraw the plea of guilty was not filed until April of 1973. We find no error in the court’s denial of appellant’s motion under these circumstances.
The judgment is affirmed.

 Now title 12, article 22, C.R.S. 1973.