**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**Leo August MILLER,**
**Defendant-Appellant.**

**No. 83CA0462.**

Colorado Court of Appeals,
Div. III.

March 1, 1984.

Rehearing Denied March 29, 1984.

Certiorari Denied Aug. 7, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Valeria NcNevin-Petersen, Robert Petrusak, Asst. Attys. Gen., Denver, for plaintiff-appellant.

Michael F. Scott, P.C., Michael F. Scott, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Leo August Miller, pleaded guilty to two counts of second degree assault and was sentenced to four years probation, on the condition that he serve 60 days in county jail and pay restitution to the two victims. He appeals, contending the trial court erred in refusing to allow him to withdraw his guilty plea pursuant to Crim.P. 32(d). We affirm.

Miller originally was charged with two counts of second degree assault, two counts of third degree assault, two counts of third degree sexual assault, and one count of sexual assault of a child. Subsequently both third degree sexual assault charges and one of the third degree assault charges were dropped.

Plea bargaining discussions concerning the remaining charges resulted in Miller agreeing to plead guilty to the two counts of second degree assault. In exchange, the prosecuting attorney agreed to dismiss the remaining third degree assault count. He also agreed not to argue or present evidence in favor of an aggravated sentence.

On November 3, 1982, the trial court explained to Miller at length the ramifications of a guilty plea. It explained the range of punishment available, including varying terms of imprisonment in the state penitentiary or county jail, and explained what the People would have to prove if the cases went to trial.

Miller stated that he understood the ramifications of his plea, and acknowledged that no promise had been made to him concerning the sentence he would receive. At the conclusion of the court's inquiry, Miller reiterated his desire to plead guilty.

The trial court then requested a probation report, and a sentencing hearing date was set. On December 17, 1982, after reviewing the report, which recommended a county jail term as a condition of probation, Miller's counsel moved to withdraw the plea pursuant to Crim.P. 32(d), alleging that it was his understanding that it had been agreed that Miller would be granted probation. He also argued that he was not prepared to refute the information the report contained which was damaging to Miller.

The trial court denied the motion, pointing out that no sentence commitment had been made at the time the plea was accepted. Miller was sentenced, and subsequently, the remaining sexual assault charge was dismissed.

The controlling issue in this appeal is whether the trial court erred in refusing to allow Miller to withdraw his plea of guilty before sentence was imposed. We hold there was no error.

Crim.P. 32(d) provides:

"A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended.

If the court decides that the final disposition should not include the charge or sentence concessions contemplated by a plea agreement, as provided in Rule 11(f) of these Rules, he shall so advise the defendant and the district attorney and then call upon the defendant to either affirm or withdraw his plea of guilty or nolo contendere."

 Miller made his motion to withdraw his guilty plea before sentence was imposed. However, such a motion is addressed to the sound discretion of the trial court, and its denial thereof will not be reversed absent a clear abuse of discretion. *Bradley v. People*, 175 Colo. 146, 485 P.2d 875 (1971). We find no abuse here.

The record demonstrates that Miller did not move to withdraw his plea because the prosecutor had failed to abide by the plea agreement, nor because the court had rejected the agreement. Rather, he objected because he was unpleasantly surprised by a probation report. Thus, this case is distinguishable from *People v. Wright*, 194 Colo. 448, 573 P.2d 551 (1978), cited by Miller, in which it was held that a defendant has a right to withdraw a guilty plea if it is based on a plea bargain which is rejected by the trial court.

In *Wright, supra*, it was reasoned that the basis upon which the defendant made his plea—the plea bargain—had been removed when the court rejected the bargain, and therefore, the voluntariness of the plea was put into question. Here, on the other hand, Miller did not contend that the plea bargain had been rejected, nor does the record reflect that he based his plea on an agreement that probation would be granted without condition. Therefore, it follows that the basis of the plea had not been removed.

Miller's remaining contention—that he should have been allowed to withdraw his plea because the prosecuting attorney violated the plea agreement by arguing or presenting evidence in favor of an aggravated sentence—is not properly before us.

At the sentencing hearing on February 4, 1983, Miller's wife testified on his behalf regarding his good behavior. The prosecuting attorney then cross-examined her regarding two specific instances of violence displayed by Miller during the assaults to impeach her character testimony. Miller's counsel made no objection and sentence was imposed.

Subsequently, at another hearing, Miller's counsel moved for withdrawal of the guilty plea based upon the prosecuting attorney having violated the plea bargain by his cross-examination at the February 4 hearing. Such a motion after imposition of sentence is not permitted under Crim.P. 32(d).

The judgment is affirmed.

VAN CISE and TURSI, JJ., concur.