**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Park Journee ESTEP,**
**Defendant–Appellant.**

**No. 86CA0951.**

Colorado Court of Appeals,
Div. V.

March 29, 1990.

As Modified on Denial of
Rehearing May 17, 1990.

Certiorari Denied Nov. 13, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Sears & Mika, P.C., Mary G. Allen, Colorado Springs, George M. Allen, Honolulu, Hawaii, and Law Offices of Richard L. Tegtmeier, Richard L. Tegtmeier, Colorado Springs, for defendant-appellant.

Opinion by Judge NEY.

The defendant, Park Journey Estep, appeals the denial of his Crim.P. 35(c) motion for post-conviction relief in which he sought either unconditional discharge or a new trial based on the confession of another to the crime of which he had been convicted. We reverse and remand.

An El Paso County jury found the defendant guilty of first degree murder, first degree assault, first degree arson, and aggravated robbery as charged in 1974. There have been various appeals related to these convictions. *People v. Estep,* 39 Colo.App. 132, 566 P.2d 706, *rev'd,* 196 Colo. 340, 583 P.2d 927 (1978), *cert. denied,* 440 U.S. 983, 99 S.Ct. 1796, 60 L.Ed.2d 245, (1979); *Estep v. Hardeman,* 705 P.2d 523 (Colo.1985). Also, this court recently vacated the trial court's granting of motions by defendant under Crim.P. 35(a) and 35(b) for sentencing relief. *People v. Estep,* (Colo.App. No. 89CA0236 February 1, 1990) (not selected for official publication.)

In August of 1984, investigators for defendant's then defense counsel obtained statements of Florida death row inmate, Otis Toole, who confessed to the crime for which the defendant stands convicted. The defendant filed his Crim.P. 35(c) motion based upon Toole's confession. Subsequently, investigators for both the defense and prosecution conducted independent interviews with Toole.

Although both Colorado and Florida have enacted uniform legislation to compel the attendance of interstate witnesses, the Florida courts refused to honor the subpoena issued by the Colorado court to compel Toole to attend the Crim.P. 35(c) hearing.

When it became apparent that Toole would not be available to testify in Colorado Springs, both the district attorney and counsel for the defendant asked that the court travel to Florida to preside over Toole's testimony. The court declined to

do so and, thus, was unable personally to evaluate Toole's credibility. Instead, the court reviewed video tapes of interviews of Toole conducted by the defense and prosecution investigators independently. Toole, therefore, never testified under oath, was not questioned by attorneys for either party governed by any rules of evidence, and was not subjected to cross-examination.

The People introduced evidence of an "alibi" for Toole to show that he had been in Florida on the same day as the crimes for which defendant stands convicted. Evidence of interviews conducted by investigators for the prosecution in which Toole recanted his confession was also admitted.

The trial court found, with evidentiary support, that Toole's confession which exculpated the defendant was discovered after the trial and that both parties exercised diligence in trying to discover all possible evidence material to the case and favorable to the defendant before and during the trial. It also concluded that Toole's confession was material and not merely cumulative or impeaching. However, the court denied defendant's motion on the basis that Toole was not credible.

In arriving at its ruling, the court stated that it was "unfortunate that Otis Toole was not made subject to the test of direct and cross-examination," explaining that "there is no better way in my judgment to evaluate, determine credibility of a witness." However, since all that was available to the trial court were video tapes produced by the prosecution and defense investigators of interviews prepared independently, the court made a determination of Toole's credibility based on its experience.

The court commented that "one can't sit on the trial bench for over twenty years without developing, I think in some modesty a certain facility for evaluating the credibility of witnesses, even when they are presented in this manner, in this indirect manner ... I am convinced, however, that he was nowhere near Colorado Springs on the night of September 19, 1974, and I'm equally convinced that a jury would not give credence to his story either. It's

therefore my opinion that the defendant has not sustained his burden of proving that if a retrial were to take place and the Otis Toole evidence were to be presented to a jury the result would probably be an acquittal. For this reason I deny defendant's motion for new trial." This appeal followed.

█ The defendant asserts that the trial court erred in finding that Toole was not credible based upon independent interviews and the court's experience in evaluating the credibility of witnesses. We agree.

█ To succeed on a motion for a new trial based on newly discovered evidence, the defendant must show that the evidence was discovered after the trial; that defendant and his counsel exercised diligence to discover all possible evidence favorable to the defendant prior to and during the trial; that the newly discovered evidence is material to the issues involved, and not merely cumulative or impeaching; and lastly that the newly discovered evidence is of such a character as probably to bring about an acquittal verdict if presented at another trial. *People v. Gutierrez*, 622 P.2d 547 (Colo.1981).

Only the last factor was found missing here. The court's ruling that the Toole confession would not probably result in defendant's acquittal was based on its assessment of Toole's credibility, or lack thereof. However, the trial court did not make, nor do we believe that the evidence would support, a finding that Toole's testimony was incredible as a matter of law.

In our view, the determination of the character of the new evidence to probably produce an acquittal in a new trial is not to be based on the court's experience in evaluating the credibility of witnesses. Rather that determination should be premised on whether the new evidence, as developed in a trial, when considered with all the other evidence is such that *a reasonable jury* would probably conclude that there existed a reasonable doubt as to defendant's guilt and thereby bring about an acquittal verdict. *See People v. Gutierrez, supra.*

By emphasizing its own experience in evaluating the credibility of a witness, the court applied an incorrect standard for evaluating whether "the newly discovered evidence is of such a character as to probably bring about an acquittal verdict if presented at another trial." Therefore, the matter must be remanded for reconsideration of defendant's motion in accordance with the standard enunciated herein.

Because of this result, it is unnecessary to determine the other issues raised by the defendant.

The order is vacated, and the cause is remanded for further proceedings consistent with this opinion.

CRISWELL and DAVIDSON, JJ., concur.