No. 91-547

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

EDWARD F. MILLER,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Carbon,
The Honorable Maurice R. Colberg, Jr., Judge
presiding.

COUNSEL OF RECORD:

For Appellant:

Arthur J. Thompson; Thompson & Sessions, Billings,
Montana.

For Respondent:

Hon. Marc Racicot, Attorney General, Helena,
Montana; Paul D. Johnson, Assistant Attorney
General, Helena, Montana; A. W. "Tony" Kendall,
Carbon County Attorney, Red Lodge, Montana.

Submitted on Briefs: April 23, 1992

Decided: June 2, 1992

Filed: JUN -2 1992

FILED

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Defendant Edward F. Miller appeals the order of the District Court for the Thirteenth Judicial District, Carbon County, denying his Motion to Withdraw Guilty Pleas. Miller's motion was based on the recanting of testimony on which he based his Alford plea to the charges against him. We affirm.

The sole issue on appeal is whether the District Court abused its discretion in denying the motion to withdraw pleas.

D. and D., Miller's stepsons, ran away from home in June of 1989. The boys walked and hitchhiked to Denver, Colorado to stay with an aunt. The aunt notified authorities in Denver that the boys were runaways. Subsequently, D. and D. told Denver police that they had experienced abuse from Miller and that they feared both Miller and their mother. The boys accused Miller of beating them with his fists, a two-by-four board, and a jack handle in addition to instances of sexual abuse.

Denver police reported the boys' story to Denver Social Services. Social Services ultimately decided that the boys should be returned to the Carbon County, Montana, Department of Family Services and made arrangements for Ed Lambrecht, a Carbon County social worker, to meet the boys at the airport in Montana. Upon D. and D.'s return to Montana, Lambrecht placed the boys in various foster homes, but they ran away each time.

On April 18, 1990, Miller was charged by amended information with one count of felony assault and two counts of felony sexual assault involving his three minor stepchildren. In addition to the

2

assault and sexual assault allegations against Miller by the boys, Miller's stepdaughter alleged sexual assaults by Miller. This physical and sexual abuse was alleged to have occurred with increasing frequency between January and June of 1989. Written statements and video-taped interviews of the children, detailing the children's allegations, were relied on in filing the charges.

On April 23, 1990, Miller entered into a plea bargain agreement with the prosecutor in Carbon County; Miller agreed to plead guilty in exchange for the county attorney's recommendation of deferred sentences. Maintaining his innocence but agreeing that sufficient evidence was available to convict him, Miller entered an "Alford plea." See North Carolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162.

On June 18, 1990, Miller filed a motion to withdraw his guilty pleas on the basis that he was unaware of certain consequences when he entered the pleas. The District Court denied the motion. Prior to Miller's sentencing, the three children sent handwritten letters to the District Court again detailing their abusive home environment. The court considered these letters and, in October 1990, sentenced Miller to three consecutive terms of three years in the Montana State Prison with eight of the nine years suspended. On appeal, we affirmed the District Court's denial of the motion to withdraw. State v. Miller (1991), 248 Mont. 194, 810 P.2d 308.

Sometime after June 1, 1991, and before July 8, 1991, and against Lambrecht's advice, D. and D. went to live with their mother, S.M. The boys wrote letters to the court at this time,

3

recanting portions of their previous statements, letters, and interviews describing the abuse. D. and D. stated that they amplified and exaggerated the original charges against Miller at the urging of Ed Lambrecht. They asserted that Lambrecht threatened to have them placed in Pine Hills School for Boys unless they exaggerated the alleged abusive incidents.

Miller based his second motion to withdraw pleas, made July 8, 1991, on these recantations. After holding a hearing on the motion, receiving testimony and considering the entirety of the record before it, the District Court denied Miller's motion on the basis that neither minor boy was recanting truthfully.

Absent an abuse of discretion, a trial judge's decision not to allow the withdrawal of a guilty plea will be affirmed by this Court. State v. Long (1987), 227 Mont. 199, 738 P.2d 487. Miller argues that he should be permitted to withdraw his plea because two of the three victims have recanted their testimony. He contends that the court abused its discretion by refusing to allow him to withdraw the pleas on the basis of undisputed new evidence that D. and D. exaggerated the charges.

The State contends that our review of this case is similar to our review of a motion for new trial based on recanting testimony. It argues that recanting testimony should be viewed with extreme suspicion by the courts. United States v. Adi (5th Cir. 1985), 759 F.2d 404. In addition, the State argues that the district court has the discretion to evaluate the recanting testimony for veracity. State v. Perry (1988), 232 Mont. 455, 758 P.2d 268.

4

In Perry, we adopted the prevailing judicial attitude that recanting testimony is to be viewed with great suspicion. Perry, 232 Mont. at 466, 758 P.2d at 275. While Perry dealt with a motion for a new trial based on the recanting of trial testimony, the rationale for viewing recanting testimony with suspicion is equally applicable here.

On its face, a recantation reveals a witness to be unreliable; it also raises other questions, such as whether the motive for recanting is fear. Perry, 232 Mont. at 466, 758 P.2d at 275. We stated in Perry that the weight to be given recanting testimony is for the district court to determine and that a new trial is required only when the court is satisfied that the recantation is true. Perry, 232 Mont. at 466, 758 P.2d at 275.

Here, the recanting witnesses testified at a hearing on Miller's motion. The court observed the demeanor and heard the testimony of both the recanting victims and Lambrecht. In its Findings of Fact and Conclusions of Law, the District Court specifically concluded that the minor boys' recantation was false. The court relied on numerous factors in making that determination. First, the recantations came soon after the boys moved back into their mother's home. In addition, and of particular significance, the boys' original statements to Denver authorities preceded any contact with Lambrecht relating to their initial allegations. The court also noted the children's interest in the defendant's ultimate sentence throughout the earlier proceedings. Finally, the stepdaughter victim did not recant.

5

The District Court held a hearing on Miller's motion to withdraw his pleas. It heard and evaluated testimony, considered all the evidence, concluded that the recantations were not true, and denied the motion. We hold that the court did not abuse its discretion.

Affirmed.

/s/ Karla M. Gray
Justice

We concur:

/s/ John Conway Harrison
/s/ William E. Hunter
/s/ R. C. McDonough
/s/ _____
Justices

6

June 2, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Arthur J. Thompson
THOMPSON & SESSIONS
2501 Fourth Avenue North
Billings, MT 59101

HON. MARC RACICOT, Attorney General
Paul Johnson, Asst. Attorney General
Justice Building
Helena, MT 59601

A. W. KENDALL, County Attorney
Carbon County
P.O. Box 810
Red Lodge, MT 59068

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy