The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Terry TOMEY, Defendant–Appellant.

No. 97CA1870.

Colorado Court of Appeals.
Div. I.

Oct. 15, 1998.

Rehearing Denied Nov. 27, 1998.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Mignon H. Adolph, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Sherman P. Romney, Craig, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, Terry Tomey, appeals the trial court's order denying his Crim. P. 35(c) motion based on newly discovered evidence. We reverse and remand for further proceedings.

A jury found defendant guilty of felony menacing and second degree assault. But, because of a juror having failed to disclose during voir dire that he was previously married to defendant's wife, the trial court granted defendant's motion for a new trial. Before the new trial began, defendant entered a plea of guilty to felony menacing and second degree assault in accordance with *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

According to defendant, while he was serving time in the county jail after sentencing, he was informed by another inmate that the victim had told the inmate she had lied about being attacked by defendant and had explained her motive for lying at trial. Based on that disclosure, defendant filed a Crim. P. 35(c) motion alleging newly discovered evidence.

The trial court denied defendant's motion without a hearing, concluding that: (1) because defendant had pled guilty, he was precluded from filing a Crim. P. 35(c) motion based on newly discovered evidence; (2) alternatively, the statement by the inmate was merely impeachment evidence and was not material; (3) it was "unlikely an acquittal would result from the impeachment testimony of this convicted felon"; and (4) the existence of such impeachment evidence was not a fair and just reason to allow defendant to withdraw his guilty plea. Because we conclude defendant was entitled to file for postconviction review and the trial court improperly characterized the new evidence as not material, we reverse and remand for a hearing on the motion.

I.

Defendant first contends the trial court erred in ruling that a defendant who enters an *Alford* plea is not entitled to post-convic-

tion review based on newly discovered evidence. We agree.

Crim. P. 35(c)(2) provides in pertinent part:

[E]very person convicted of a crime is entitled as a matter of right to make application for post-conviction review upon the grounds hereinafter set forth.

. . . .

(V) That there exists evidence of material facts, not theretofore presented and heard, which, by the exercise of reasonable diligence, could not have been known to or learned by the defendant or his attorney prior to the submission of the issues to the court or jury, and which requires vacation of the conviction or sentence in the interest of justice.

In construing Crim. P. 35(c), we employ the same rules of interpretation applicable to statutory construction. We look first to the language of the rule itself, and if the rule is plain and unambiguous, we apply it as written. *People v. Fuqua,* 764 P.2d 56 (Colo. 1988). "Every" means all the separate individuals who constitute the whole, regarded one by one. *Black's Law Dictionary* 655 (rev. 6th ed.1990).

The language of Crim. P. 35(c) is plain and unambiguous and states that every person convicted of a crime is entitled to post-conviction review.

■ We therefore conclude that a defendant who enters an *Alford* plea is entitled to file a motion for post-conviction relief based on newly discovered evidence, and that the trial court erred in ruling otherwise.

## II.

■ Defendant also contends the trial court erred in ruling that the statement by the inmate, even if believed, was merely impeachment evidence and not material. Again, we agree.

Defendant's proffered newly discovered evidence consisted of a hearsay statement allegedly made by the victim to the inmate that was inconsistent with the victim's former testimony. In concluding that it was "unlikely an acquittal would result from the impeachment testimony of this convicted felon," the trial court noted that, pursuant to §13–90–101, C.R.S.1998, the inmate also would have been subject to impeachment at a new trial because he had a prior felony.

■ However, the court erroneously concluded that the inmate's testimony was merely impeaching in nature and not material. Under §16–10–201, C.R.S.1998, such evidence would have been admissible at a new trial as substantive evidence. Further, the victim's alleged statement to the inmate, if believed, would have been that she (the victim) had lied at trial about key facts surrounding the charged offense. Thus, such evidence clearly was material.

■ Motions for new trial based on newly discovered evidence are viewed with disfavor, and a trial court's denial of such a motion will not be overturned absent a clear abuse of discretion. *See People v. Rodriguez,* 914 P.2d 230 (Colo.1996).

■ To succeed on a motion for a new trial based on newly discovered evidence, the defendant must show that: the evidence was discovered after the trial; defendant and his counsel exercised diligence to discover all possible evidence favorable to the defendant before and during trial; *the newly discovered evidence is material to the issues involved and not merely cumulative or impeaching;* and it would probably bring about an acquittal verdict if presented at another trial. *People v. Gutierrez,* 622 P.2d 547 (Colo.1981); *People v. Muniz,* 928 P.2d 1352 (Colo.App. 1996).

■ The determination of the character of the new evidence in regard to its likelihood of producing an acquittal in a new trial should be premised on whether the new evidence, when considered with all the other evidence presented at a new trial, is such that a reasonable jury would probably conclude that there existed a reasonable doubt as to defendant's guilt and thereby bring about an acquittal verdict. *People v. Estep,* 799 P.2d 405 (Colo.App.1990).

Here, because the trial court partially based its ruling denying defendant a hearing on his Crim. P. 35(c) motion on two grounds

that we have concluded were erroneous, and it also partially relied on the validity of the prior verdict that had been returned by a jury which included a tainted juror, the ruling must be reconsidered.

■ Where the defendant's motion, the files, and the record clearly establish that the allegations of the motion are without merit and do not warrant post-conviction relief, an evidentiary hearing is not required. *White v. District Court*, 766 P.2d 632 (Colo.1988). Because such is not the case here, on remand, the trial court shall conduct an evidentiary hearing on defendant's Crim. P. 35(c) motion. *See People v. Estep, supra.*

The order is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

METZGER and PLANK, JJ., concur.